**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Richard A. Forsten, Esq.
Pamela J. Scott, Esq.
Elizabeth S. Fenton, Esq.
SAUL EWING ARNSTEIN
& LEHR LLP
1201 Market Street, Suite 2300
Wilmington, Delaware 19801

Max B. Walton, Esq.
Stephanie S. Riley, Esq.
Brandon R. Harper, Esq.
CONNOLLY GALLAGHER LLP
267 East Main Street
Newark, DE 19711

RE:     *Ocean Bay Mart, Inc. v. The City of Rehoboth Beach, Delaware*,
         C.A. No. 2019-0467-SG, Cross-Motions for Summary Judgment

         Submitted:   January 29, 2021
         Decided:      April 13, 2021

Dear Counsel:

I have before me the parties' cross-motions for summary judgment. It appears

to me that this case turns, in part, on a very narrow factual issue. That is, whether

the Plaintiff, when it began planning its redevelopment as a condominium rather

than a subdivision, was entitled to rely in good faith on its interpretation of the City

Code existing at the time. The City has proffered deposition testimony indicating

that the Plaintiff believed that the City Code was "fairly confusing at least for an

amateur and even somewhat confusing for experts"[1] and argued that the Plaintiff

_____

[1] Def.'s Opening Br. in Supp. of its Mot. for Summ. J. and Answering Br. in Opp'n to Pl.'s Mot.
for Summ. J. 6 n.8, Dkt. No. 40 [hereinafter "Def. OB-AB"].

purposefully avoided submitting his redevelopment plan to the City for concept review because it feared the City could close the loophole the Plaintiff believed it had found in the City Code.[2] The Plaintiff has pointed to deposition testimony suggesting that the Plaintiff believed that its redevelopment could be done as a condominium if drafted and built correctly, as well as statements from various City officials indicating that the Plaintiff could redevelop as a condominium. The stipulated timeline submitted by the parties, while helpful, does not resolve the issue. Accordingly, the factual issue of good faith reliance, at least, in support of which both sides have proffered deposition testimony, in my view, is best resolved through development of a record at trial.

The parties may consider their summary judgment briefing as pre-trial briefs.

For the foregoing reasons, the parties' cross-motions for summary judgment are DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:     All counsel of record (by *File & ServeXpress*)

---

[2] Def. OB-AB 7.